SMITH et al. v. PRAGER et al.

(Supreme Court, Appellate Term. May 7, 1909.)

PLEADING (§ 350*)—MOTIONS—JUDGMENT ON PLEADINGS.

In an action on a guaranty where plaintiffs proved the guaranty, and judgment against the principal, and its nonpayment, and at the end of their case withdrew their witness and moved for judgment on the pleadings, stating that they rested on that motion, the court directing the parties to hand up briefs, and the proofs not being stricken out, it was error to render judgment for the defendants on the merits.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 350.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Gittel Smith and another against Louis D. Prager and another. From a judgment for defendants, plaintiffs appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Frank E. Silverman, for appellants. ·

Joseph L. Prager, for respondents.

PER CURIAM. On February 12, 1908, defendants executed the following agreement:

"To Smith & Son: I hereby agree to indemnify and make good for any plumbing material delivered for use on building Nos. 1984–1986 Park avenue, N. Y. City, ordered by Mortimer O'Connor, to amount of no more than two hundred and fifty dollars ($250), materials to be paid for thirty days from delivery on building.        Louis D. Prager.
"Equity Building & Contracting Co."

O'Connor failed to pay for the plumbing material supplied to him by plaintiffs, who on November 17, 1908, obtained a judgment therefor in the sum of $201.52 against O'Connor, and plaintiffs here sue defendants on the above quoted agreement.

The answer denies the guaranty, the furnishing of the materials, and sets up: (1) Collusion between plaintiffs and O'Connor in allowing the judgment against the latter, in order to make defendants pay for the material furnished to O'Connor; (2) that the debt from O'Connor to plaintiffs was due on March 20, 1908, and could have been collected at that time, but that plaintiffs waited until November 10, 1908, before taking any steps to collect the debt, but whether this delay was with or without the consent of defendants does not appear; (3) that plaintiffs filed a mechanic's lien on April 7, 1908, in the sum of $400 against the property, Nos. 1984–1986 Park Avenue, and against one Levy as owner, defendants as contractors, and said O'Connor as subcontractor, for the same materials for which plaintiffs seek to recover in the case at bar, which latter action was commenced on December 17, 1908, some eight months afterwards; that on November 10, 1908, about one month previous to the commencement of this action, plaintiffs commenced an action against said Levy, these defendants, and said O'Connor to enforce said mechanic's lien, which action was discontinued, and a new action commenced in the City Court to enforce said lien, which action was pending at the time of the commencement of the action in suit; and that plaintiffs have elected as their remedy to recover for said materials in the mechanic's lien action; (4) that by reason of the above facts plaintiffs have not exhausted their remedy against O'Connor.

At the trial plaintiffs proved the above guaranty, but were not allowed by the court to prove the delivery of the materials, although they did prove the recovery of the judgment against O'Connor, a transcript of which is annexed to the record, and its nonpayment. The defendants put in no proof whatever. The counsel for the plaintiffs, however, at the end of their case, withdrew his witness and moved for judgment on the pleadings, stating that he rested on that motion. The court directed the parties to hand up briefs on that issue, whereupon defendants' counsel said, "Then I understand the case is tried," to which the court replied, "The case is tried and submitted." No objection to this conclusion was raised by either party. Some time thereafter the court gave judgment for the defendants, with $15 costs. Plaintiffs appeal.

It seems to us that, whether or not the answer set's up a good defense, the proofs in the case, which were not stricken out, and the failure of the defendants to substantiate their alleged defenses, although defendant Prager was present and was called as a witness for plaintiffs, do not warrant a judgment for defendants. If plaintiffs merely failed in their proof, a judgment on the merits in defendants' favor was not warranted; but plaintiffs should have another opportunity to substantiate their claim.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.